Filed 06/02/21

VERMONT SUPERIOR COURT
Addison Unit
7 Mahady Court
Middlebury VT 05753
802-388-7741
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 167-10-17 Ancv

## Moncrief et al vs. McBride et al

## ENTRY REGARDING MOTION

Title:         Motion for Summary Judgment (Motion: 9)
Filer:         Christopher D. Roy
Filed Date:    February 25, 2021

The motion is GRANTED IN PART and DENIED IN PART.

Unlawful mischief and attorneys' fees

Defendants argue that they did not damage Plaintiffs' "property" because they did not cross the boundary line to enter Plaintiffs' land. The court rejects the argument that easement rights and physical items used in connection with easements are not "property" for purposes of unlawful mischief for the reasons set forth in Plaintiffs' memorandum. Since there are facts alleged to support Plaintiffs' claim of damage to Plaintiff's "property" interests located on Defendants' land, summary judgment is denied with respect to the argument that property was not damaged.

There are sufficient disputes of material fact to preclude summary judgment. There are seemingly several instances of conduct at issue. The intent element necessary for the unlawful mischief claim as it relates to some or all of those instances requires inferring intent from conduct. Thus, the facts as stated by Defendants are not clearly undisputed facts upon which a legal ruling can be based. The issues of fact related to the unlawful mischief claim need to be resolved by factfinder(s).

Punitive Damages

Plaintiffs argue that facts sufficient to support the "intent" element necessary for unlawful mischief also automatically satisfy the required element of "malice" for purposes of a punitive damages claim. The court does not accept that proposition. The intent to do an act, even one that qualifies as unlawful mischief, is not necessarily the same as carrying out an act with the malice element necessary for punitive damages.

The standard for punitive damages has been clearly articulated by the Vermont Supreme Court in *Fly Fish Vt., Inc. v. Chapin Hill Estates, Inc,* 2010 VT 33. To be entitled to punitive damages, a party must establish both "malice, defined variously as bad motive ill will personal spite or hatred, reckless disregard and the like," as well as "wrongful conduct that is outrageously reprehensible." *Id.* ¶ 18.

In a case decided by a three justice panel of the Vermont Supreme Court, the trial court awarded punitive damages of $5,000 (in addition to compensatory damages) to Plaintiffs when Defendant, without the Plaintiffs' knowledge and for purposes of water management on his own land, had dug a substantial trench clearly on Plaintiffs' land that changed water flow on Plaintiffs' land and cut a channel up to three feet wide and caused trees to fall in toward the channel. The Vermont Supreme Court reversed the award of punitive damages.

> The facts here are more egregious than those present in *Fly Fish* in that [Defendant] directed a trench to be dug on land that clearly belonged to [Plaintiffs]. Yet while [Defendant's] acts were deplorable and interfered with the [Plaintiffs'] property rights, its conduct, like that in *Fly Fish,* does not rise to the level of "wrongful conduct that is outrageously reprehensible." *Id.* ¶ 18. As we explained in *Fly Fish,* an "indifference to plaintiffs' rights. . .is not determinative of malice."

*Oakley v. Victory in Jesus Ministries, Inc. et al,* No. 2009-295, slip op. at 6 (Vt. July, 2010). While it is the decision of a three justice panel and not precedent, it illustrates the likely application of the *Fly Fish* standard to the facts in this case.

It is Plaintiffs' burden to respond to the Undisputed Facts submitted by Defendants with facts that are sufficient to satisfy the malice element needed for an award of punitive damages, and the court finds that this has not occurred. Therefore, the motion for summary judgment is granted as to Plaintiff's claim for punitive damages.

Electronically signed pursuant to V.R.E.F. 9(d) on June 1, 2021 at 1:03 PM.

Mary Miles Teachout
Superior Court Judge

Entry Regarding Motion
167-10-17 Ancv Moncrief et al vs. McBride et al

Page 2 of 3